# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 22, 2003

## STATE OF TENNESSEE v. TONY ALAN GARRETSON

**Direct Appeal from the Circuit Court for Bedford County**
**No. 14,971    Lee Russell, Judge**

---

**No. M2002-01262-CCA-R3-CD - Filed May 13, 2003**

---

Tony Alan Garretson, along with Harold Garretson and Tonya Garretson, sought return of numerous guns alleged to have been unlawfully seized by law enforcement when Tony Garretson was arrested for aggravated assault. The trial court found: (1) Harold Garretson and Tonya Garretson failed to establish they were the lawful owners of the guns; and (2) the guns could not be returned to Tony Garretson because he was convicted of aggravated assault and cannot lawfully possess a weapon. On appeal, the state concedes the guns were unlawfully seized and Harold Garretson and Tonya Garretson established proper ownership. We reverse the judgment of the trial court and remand for another hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;
Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Brenda S. Bramlett, Shelbyville, Tennessee, for the appellants, Tony Alan Garretson, Harold Garretson, and Tonya Garretson.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; William Michael McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Harold Garretson (Harold) is the father of Tony Garretson (Tony), and Tonya Garretson (Tonya) is the former wife of Tony. On January 3, 2001, Tony was arrested for offenses committed against Tonya, and law enforcement authorities seized numerous guns at the residence. Tony was ultimately convicted of aggravated assault. Subsequently, Tony, Harold, and Tonya sought return of the guns pursuant to Tennessee Rule of Criminal Procedure 41(f), alleging Harold and Tonya were the lawful owners of the guns which were unlawfully seized. Tony disclaimed any ownership interest in the guns. The trial court found that Harold and Tonya had not met their burden of proof

in establishing ownership of the guns, and the guns could not be returned to Tony as a convicted felon.

## FACTS

The record in this case is scant. However, it does appear that the guns in question, along with other guns, were originally seized from Tony's residence by law enforcement prior to February 2000, when law enforcement investigated a domestic dispute. There is no indication Tony was convicted of an offense. The guns were returned to Harold, the apparent owner, who resided in West Virginia and was a gun collector. It is not entirely clear from the record whether the guns were returned to Harold by virtue of a court order, voluntarily by law enforcement, or by Tony; however, the state mentioned in its opening statement that it was "opposed to going through the process again."

According to Harold's testimony, his West Virginia home was burglarized and vandalized in February 2000. Numerous guns were taken; however, he had twenty-six guns in a gun safe which were not taken. Most, if not all, of these twenty-six guns were the same guns that were originally seized and returned to Harold. He stated he brought these guns back to Tony's residence for safekeeping after the burglary. He said these twenty-six guns were again seized by the police when they arrested Tony on January 3, 2001. He was unaware of the seizure until he came to Tennessee to get his guns one month prior to the instant hearing, which was conducted in April 2002. He had a list of his various guns, which included both shotguns and rifles; however, his descriptions were somewhat disjointed and were not compared to a list of the guns actually confiscated.

Tony testified that most of the confiscated guns belonged to Harold and that the other guns belonged to Tonya, who was a hunter and shooter. He described five guns belonging to Tonya. He conceded he had not told his father about the January 2001 arrest and seizure until shortly prior to the instant hearing.

Tonya testified she owned five of the confiscated guns, and her descriptions generally matched Tony's descriptions. She further stated Tony had no guns that were seized on January 3, 2001. She stated his guns were seized in the first confiscation and were never returned. She was aware the other guns belonged to Harold.

Tonya testified that Tony's arrest on January 3, 2001, did not involve any guns. The state concedes on appeal that this aggravated assault, for which Tony was eventually convicted, did not involve the use of a gun.

The state offered no proof at the hearing. A list of the confiscated guns is not in the record.

## ANALYSIS

The state concedes on appeal that (1) the guns were unlawfully seized, and (2) the evidence preponderates against the findings of the trial court that Harold and Tonya had not met their burden of proof establishing rightful ownership of the guns.

-2-

Forfeitures are not favored by the law, and forfeiture statutes are to be strictly construed. Hays v. Montague, 860 S.W.2d 403, 406 (Tenn. Ct. App. 1993). Before a confiscation statute may be used to deprive a person of his or her property, the facts must fall within the spirit and letter of the confiscation statute. Redd v. Tennessee Dept. of Safety, 895 S.W.2d 332, 335 (Tenn. 1995). If property is unlawfully seized, the aggrieved person may seek its return pursuant to Rule 41(f) of the Tennessee Rules of Criminal Procedure.

Our statute provides that a weapon "used or sold in violation of the law shall be confiscated . . . and declared to be contraband . . . ." Tenn. Code Ann. § 39-17-1317(a) (emphasis added). The state correctly concedes unlawful confiscation as there was no showing that the guns were used in the commission of the offense. Our law further provides that "[a]ny weapon that has been stolen or borrowed from its owner, and the owner was not involved in the offense for which the weapon was confiscated, shall be returned to the owner if permitted by law." Id. § 39-17-1317(h)(2).

Although ownership of the weapons presents a closer question which in many respects depends upon the credibility of the witnesses, we accept the state's concession that the evidence preponderates against the findings of the trial court at least as to some of the guns. Although the record is not entirely clear, it appears that most of these guns had previously been determined to belong to Harold. However, we conclude a further hearing is required. Although both Harold and Tonya gave descriptions of the various guns, the record is devoid of the actual list of the confiscated guns held by law enforcement. Thus, we are in no position to order the return of all the guns seized without knowing which guns were actually seized.

Upon remand, and in the event the parties are unable to amicably resolve the issue of ownership, a list and description of the confiscated guns shall be admitted into evidence. Harold and Tonya will then have the opportunity to establish their ownership rights as to these guns in a detailed and orderly fashion. The trial court may then determine whether ownership has been properly established as to each gun.

Accordingly, we reverse and remand for another hearing.

 

JOE G. RILEY, JUDGE